UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LAWRENCE JOHNSON, | ) | CASE NO. 1:05 CV 1002 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| U.S. DEPARTMENT OF JUSTICE, | ) | AND ORDER |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 19, 2005, plaintiff pro se Lawrence Johnson, an inmate at the Trumbull Correctional Institution (TCI), filed this 42 U.S.C. § 1983 action against the U.S. Department of Justice, the Ohio Department of Rehabilitation and Correction, and the Cuyahoga County Court of Common Pleas. For the reasons stated below, this action is dismissed.

The complaint alleges that on November 13, 2000, a "person or persons ... surreptitiously entered my cell and injected an unknown substance into my testicle... ." It is further alleged that, in December 2000, plaintiff unsuccessfully sought an investigation of the matter by the U.S. Department of Justice. Finally, plaintiff alleges the Ohio Court of Common

Pleas has not responded to his motions for postconviction relief, thereby preventing him from challenging his "unlawful confinement."

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

As a threshold matter, it is evident on the face of the complaint that the statute of limitations for bringing a section 1983 claim concerning the alleged assault on plaintiff expired well before he filed this action. Browning v. Pendleton, 869 F. 2d 989 (6th Cir. 1989)(Ohio's two year statute of limitations for bodily injury applies to section 1983 claims).  There would thus be no purpose in allowing this claim to go forward, in view of the fact that it is clearly time-barred. See, Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at **1 (6th Cir., Oct. 30, 1998) (affirming sua sponte dismissal of pro se section 1983 action filed after two year statute of limitations for bringing such an action had expired); see also, Ashiegbu v. Kim, No. 97-3303, 1998 WL 211796 (6th Cir. Apr. 24, 1998), cert. denied, __U.S.__, 119 S.Ct. 138 (U.S. Oct. 5, 1998) (section 1915(e) sua sponte dismissal is appropriate where claim is

barred by statute of limitations).

Further, the alleged failure of the Ohio courts to respond to plaintiff's motions for postconviction relief does not state a valid claim for relief. This court may not direct state courts or their judicial officers in the performance of their duties. Haggard v. State of Tennessee, 421 F.2d 1384 (6th Cir. 1970). Moreover, because plaintiff implicitly seeks to challenge "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriquez, 411 U.S. 475 (1973).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　/s/Dan Aaron Polster 8/8/05
　　　　　　　　　　　　　　　　DAN AARON POLSTER
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE